UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDGAR ALEXANDER HERRERA-VILLATORO, § § § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-06-30 |
| § | |
| JOE D DRIVER, § § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, an inmate at the Federal Correctional Institution at Three Rivers, Texas, filed this habeas action pursuant to 28 U.S.C. § 2241, challenging credit the Bureau of Prisons ("BOP") has given him toward his sentence. Respondent filed a motion to dismiss on March 29, 2006 (D.E. 13). Pending is petitioner's motion for appointment of counsel (D.E. 14).

There is no constitutional right to counsel in habeas corpus actions, but representation may be provided to any financially eligible person if the interests of justice so require. *Santana v. Chandler*, 961 F.2d 514, 515 (5th Cir. 1992) (internal citations and quotations omitted). Appointment of counsel in a civil action is also authorized under 28 U.S.C. § 1915(e) where exceptional circumstances are present. *Id.*

There are no circumstances in this case which warrant appointment of counsel. Petitioner's pleadings demonstrate that he is reasonably articulate, and his claims are not complex. Petitioner has demonstrated he understands his claims and has the ability to research and respond to the respondent's motion to dismiss. At this point in the litigation, no evidentiary hearings have been scheduled, thus no special skills for cross-examination are necessary. If it

2 / 2

becomes necessary to schedule an evidentiary hearing, counsel will be appointed to represent petitioner. Counsel will also be *sua sponte* assigned if any complex issues arise.

Accordingly, petitioner's motion for appointment of counsel (D.E. 14) is denied without prejudice.

ORDERED this 4th day of May, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE