UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDGAR ALEXANDER HERRERA-VILLATORO,<br>   Petitioner<br><br>v.<br><br>WARDEN JOE DRIVER,<br>   Respondent | §<br>§<br>§<br>§   CIVIL ACTION NO. C-06-30<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Correctional Institution ("FCI") in Three Rivers, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on May 10, 2002. Petitioner claims that he is entitled to credit on his federal sentence for time spent in state custody. Respondent filed a motion to dismiss on March 29, 2006 to which petitioner responded on June 12, 2006 (D.E. 13, 18). In petitioner's response to the motion to dismiss, he argues that he was wrongfully convicted because he was not allowed to contact the Salvadoran embassy in accord with his rights under the Vienna Convention on Consular Relations.

### BACKGROUND

Petitioner was arrested by Harris County, Texas authorities on December 3, 1999 and was held pending a motion to revoke probation (Response to Pet's Inquiry, D.E. 1, p. 16)[1]. Petitioner's state court probation was revoked on April 6, 2000 and he was sentenced to two

---

[1] The page numbers referenced in petitioner's pleadings are those printed at the top of the page by the district clerk's office when the document was filed.

years incarceration in the Texas Department of Criminal Justice–Institutional Division ("TDCJ-ID")(Response to Pet's Inquiry, D.E. 1, p. 16; Letter from Jonathan Paull, D.E. 18, p. 26). Petitioner received credit toward his state sentence from September 28, 1999 until he satisfied the sentence on September 20, 2000 (Id.). On September 23, 2000 Immigration and Customs Enforcement ("ICE")(formerly the Immigration and Naturalization Service, or "INS") agents took custody of petitioner and he was transferred to the custody of the United States Marshal's Service on November 14, 2000 (Id.). On December 13, 2000 petitioner was indicted in the Houston Division of the United States District Court for the Southern District of Texas, and charged with illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2) (Indictment, D.E. 1, p. 26).

On February 7, 2001 petitioner pleaded guilty to the federal charge and judgment was imposed on November 13, 2001 (Jdgmt., D.E. 1, p. 24). Petitioner was sentenced to 96 months incarceration in the BOP (Id. at 25). On the judgment it was noted that petitioner's illegal entry offense concluded on December 9, 1999 (Id. at 24). Petitioner has received credit toward his federal sentence from October 20, 2000 (D.E. 1 at 16).

Believing that he is entitled to more time credit on his federal sentence, petitioner submitted a request for informal resolution on September 24, 2003, asking that his federal sentence be credited with the time he had spent in state and federal custody since December 9, 1999 (D.E. 1, p. 20). On September 29, 2003 he received a response telling him that his time was being computed correctly and noting that the federal sentence was not ordered to run concurrently with the state sentence; the federal sentence was imposed after he had completed the state sentence; and he received credit toward his state sentence from December 9, 1999

through April 5, 2000 (D.E. 1, p. 23).  In addition, it was noted that his two-year state sentence in Cause No. 9427128 was imposed on April 6, 2000 and that he was released from state custody to the INS detainer after completion of the state sentence on September 20, 2000.  Petitioner also was informed that he had received 418 days of jail credit toward his federal sentence for the period of September 21, 2000 through November 12, 2001 (D.E. 1, p. 23).

On November 12, 2003 petitioner filed a request for administrative remedy seeking time credit from December 9, 1999 (D.E. 1, p. 18).  He received a response telling him that his time was being computed correctly, although he was told that he was receiving credit toward his federal sentence from October 20, 2000 rather than from September 21, 2000 because that was when criminal proceedings for his federal prosecution began.  He was informed that the one-month period was excluded because official detention did not include the time spent in the custody of the United States Immigration and Naturalization Service ("INS") pending a final determination of deportability (D.E. 1, p. 19).

Petitioner next sent a request to the regional administrator seeking the time credit, to which he received a response on January 22, 2004.  He was told that his time was being calculated correctly and that ICE agents had confirmed that although he was in federal custody as of September 23, 2000, his status did not change from civil to criminal until October 20, 2000 and he was not entitled to receive pre-sentence credit before that date (D.E. 1, p. 16).

On February 13, 2004 petitioner appealed to the BOP central office, once again seeking time credit to which he believes he is entitled (D.E. 1, p. 12).  On March 1, 2004 petitioner was informed that he had failed to submit sufficient copies with his appeal and was given 15 days to do so (D.E. 1, p. 14).  Petitioner attempted to comply with the request on March 16, 2004 (Id.).

On April 6, 2004 petitioner again was informed that he had failed to submit the proper copies (D.E. 1, p. 13). Petitioner submitted no further administrative appeals.

In this case petitioner asserts that he is entitled to credit on his federal sentence for the time he spent in state custody prior to October 20, 2000. He argues that the failure to give him credit is a violation of his right to not be subjected to double jeopardy because the 96-month sentence is for the same offense as the two-year sentence he served in TDCJ-ID (D.E. 1, p. 5). Respondent argues that petitioner's cause of action should be dismissed because he has not exhausted his administrative court remedies and also because he is not entitled to the relief he seeks.

## APPLICABLE LAW

### A. Exhaustion of Administrative Remedies

When a prisoner seeks credit toward his sentence through a § 2241 petition, he must first exhaust administrative remedies through the BOP. United States v. Gabor, 905 F.2d 76, 78, n. 2 (5th Cir. 1990)(citations omitted). A district court may dismiss a case under 28 U.S.C. § 1915(d) for failure to exhaust administrative remedies. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). Procedures for seeking review of sentence computation are set out at 28 C.F.R. §§ 542.10 - 542.18. First, an inmate is supposed to attempt informal resolution of a problem and then submit a formal written request to the Warden on the appropriate form. If he is not satisfied with the Warden's response, the inmate may submit an appeal to the regional director on another form. If he is dissatisfied with the response of the regional director, he may appeal to the general counsel. Prisoners may seek judicial review of the computation after exhausting their administrative remedies. United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117

L.Ed.2d 593 (1992). Exceptions to the exhaustion requirement apply only in extraordinary circumstances and the petitioner has the burden of demonstrating the futility of administrative review. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(citing Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)).

It is undisputed in this case that petitioner completed all but the last step of the administrative process. Respondent argues that petitioner did not exhaust the last step of the process because his appeal to the BOP central office was rejected after he failed to submit the correct number of copies of the attachments and failed to provide a copy of the institution administrative request form and response (D.E. 1, p. 14; D.E. 13, Decl. of Martin Joseph Sweaney at 2-3). Petitioner argues that after he received the first rejection, he submitted 20 copies of the requested documents to the BOP central office in Washington, D.C. but received another rejection. He claims that he tried to exhaust his administrative remedies and showed good faith and due diligence by doing all that he knew how to do.

Despite petitioner's efforts, he cannot be found to have exhausted his administrative remedies because he did not follow all of the proper procedures. "To . . . 'protect the integrity' of the federal exhaustion rule, . . . we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." O'Sullivan v. Boerckel, 526 U.S. 838, 849, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999)(quoting Justice Stevens' dissenting opinion). In this case, petitioner did not properly exhaust his remedies because he did not supply all of the copies and information requested by the BOP central office. Accordingly, it is recommended that

petitioner's cause of action be dismissed without prejudice for failure to exhaust his administrative remedies.

**B. Merits**

    **(1) Time Spent in State Custody**

Respondent argues in the alternative that petitioner's application for habeas corpus relief should be denied on the merits. A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Rather, that authority lies with the United States Attorney General and is delegated to the BOP. <u>Wilson</u>, 503 U.S. at 335, 112 S.Ct. at 1354, 1355; <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2nd Cir. 1997). Decisions of the BOP regarding sentence calculation are subject to judicial review under an abuse of discretion standard. <u>Barden v. Keohane</u>, 921 F.2d 476, 478 (3rd Cir. 1990); <u>McCarthy v. Doe</u>, 146 F.3d 118, 123, n. 4 (2nd Cir. 1998).

> Regarding the calculation of a term of imprisonment:
>
> (a) Commencement of Sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585.

With the exception of the month from September 20, 2000 to October 20, 2000, the time petitioner seeks in this case has been credited toward his state sentence and under the plain

language of the statute he is not entitled to have it credited to his federal sentence.  Petitioner argues that his right against double jeopardy is being violated because he claims that the time he served in state prison was for the same crime of illegal re-entry for which he currently is incarcerated.  However, petitioner was not serving time in state prison for illegal re-entry, but rather for a previously adjudicated state court offense.  While it may be true (although it is not clear from the record) that his probation on the state court offense was revoked as a result of his illegal re-entry, the two-year sentence he was serving was for an earlier state court offense, and not for the federal offense of illegal re-entry.  Accordingly, petitioner is not entitled to receive credit on his federal sentence for the time he spent in state prison.

Regarding the month petitioner spent in ICE custody from September 20, 2000 to October 20, 2000 respondent asserts that petitioner was being held pending a final determination of deportability and was not considered to be in "official detention" pending criminal charges (D.E. 13, Att. E, p. 1).  Respondent cites BOP program statement 5880.28 which states the following:

> Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service ("INS") under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability.  An inmate being held by <u>INS pending a civil deportation determination is not being held in "official detention" pending criminal charges</u>.

(emphasis in original)(citing <u>Ramirez-Osorio v. INS</u>, 745 F.2d 937 (5th Cir. 1984); <u>Shoaee v. INS</u>, 704 F.2d 1079 (9th Cir. 1983) and <u>Cabral-Avila v. INS</u>, 589 F.2d 957 (9th Cir. 1978)) (D.E. 13, Att. G).

Petitioner has presented no evidence or argument to contradict respondent's argument.  Accordingly, he is not entitled to credit for the month he spent in federal custody prior to

October 20, 2000 and it is recommended that his habeas corpus cause of action be dismissed with prejudice.

### (3) Violation of Vienna Convention

In his response to the motion to dismiss, petitioner argues that his rights under Article 36 of the Vienna Convention of Consular Relations were violated because he was not allowed to communicate with consular officials from El Salvador and that as a result, his conviction and sentence are void (D.E. 18, pp. 17-21).  Ignoring for a moment that petitioner did not make this claim in his original petition and has not given respondent a chance to address it, any challenge to his original conviction and sentence should be brought in the sentencing court under 28 U.S.C. § 2255 rather than in a § 2241 petition.  Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005).  It is therefore recommended that petitioner's claim under the Vienna Conventions be dismissed without prejudice.

## RECOMMENDATION

For the reasons stated above, it is respectfully recommended that defendant's motion to dismiss (D.E. 13) be granted and petitioner's application for habeas corpus relief be dismissed with prejudice on the merits.  In the alternative, it is recommended that petitioner's application be dismissed without prejudice for failure to exhaust administrative remedies.  Finally it is

recommended that petitioner's cause of action under the Article 36 of the Vienna Convention on Consular Relations be dismissed without prejudice.

Respectfully submitted this 1st day of August, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).